Gerald Barrett (SB#: 005855)
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Avenue, Suite 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com

Israel G. Torres (SB# 020303)
TORRES CONSULTING & LAW GROUP
209 E. Baseline Road
Suite E-102
Tempe, AZ 85283-1299
Tel:  602-626-8805
Fax:  602-626-8889
Email: Israel@thetorresfirm.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| WILLIAM BRADY CASHMAN; STEVE LEE COX; ROBERT F. MACKNIS; KARL DOUGLAS MEHRHOF; FRANK J. NAMIO; EMIL F. NOBILE; TERRENCE LAWTON SHEAHAN; and WAYNE D. WILCOXON,<br><br>Plaintiffs,<br><br>v.<br><br>ARIZONA PUBLIC SERVICE COMPANY,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiffs William Brady Cashman, Steve Lee Cox, Robert F. Macknis, Karl Douglas. Mehrhof, Frank J. Namio, Emil F. Nobile, Terrence Lawton Sheahan and Wayne D. Wilcoxon, and each of them, for their respective claims allege, as follows:

I.   Introduction

1.   This action arises under the Fair Labor Standards Act. Defendant has unlawfully classified each plaintiff as an "exempt employee" contrary to the Fair Labor Standards Act and regulations promulgated by the United States Department of Labor. Each plaintiff on numerous occasions has worked more than 40 hours in a work week during the last three years. Defendant has compensated plaintiffs for such work at their regular rate. Accordingly, defendant has violated the Fair Labor Standards Act which requires compensation for hours worked in excess of 40 hours in a work week to be paid at one and one-half times an employee's regular rate. As defendant willfully violated the FLSA's overtime provisions, plaintiffs are entitled to recover for unpaid overtime for each violation that occurred within the last three years. As defendant acted in bad faith, plaintiffs are entitled to recover an additional equal amount as liquidated damages.

II.   The Parties, Jurisdiction and Venue

2.   Plaintiffs, and each of them, are residents of Maricopa County, Arizona.

3.   Joinder of the plaintiffs' respective claims is permitted by Rule 20 (a) (1) of the Federal Rules of Civil Procedure.

4.   Defendant Arizona Public Service Company (APS) is incorporated under the laws of Arizona.

5.   This Court has subject matter jurisdiction pursuant to Section 16 of the Fair Labor Standards Act. 29 U.S.C. § 216 (b).  Likewise, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337.

6.   Venue is appropriate, under 28 U.S.C. § 1391, as the majority of the acts and omissions which give rise to this case occurred in Arizona, including Maricopa County, Arizona.

III.   FLSA Covered Employment

7.   Defendant APS is an "employer" within the meaning of Section 3 (d) of the Fair Labor Standards Act. 29 U.S.C. § 203 (e).

8.   Each plaintiff, during relevant times, is or was an "employee" of defendant within the meaning of Section 3 of the Fair Labor Standards Act. 29 U.S.C. § 203 (e).

9. During relevant times, each plaintiff was employed by Defendant in a job described by Defendant as Project Inspector – Electrical.

10. Each of the plaintiffs prior to becoming as Project Inspector – Electrical worked as a journeyman lineman.

11. Each of the plaintiffs learned the trade by serving in and completing an apprenticeship training program.

12. As a Project Inspector – Electrical, each of the plaintiffs serve as Defendant's representative in the coordination, monitoring and inspection of projects related to electrical line and substation construction, trenching and conduit installation and site preparation activities completed on behalf of Defendant by third-party contractors.

13. In performing the duties of Project Inspector – Electrical, each plaintiff utilized knowledge and skill acquired through his apprentice training and prior work as a journeyman lineman.

14. Defendant has classified each plaintiff as being "exempt' under the Fair Labor Standards Act.

15. Defendant's classification of plaintiffs as "exempt" employees is contrary to and in violation of the Fair Labor Standards Act.

16. Regulations promulgated by the United States Department of Labor, including 29 C.F.R. 541.202(b), provide that inspection work of the type performed by each plaintiff is not exempt from coverage under the Fair Labor Standards Act.

17. 29 C.F.R § 541.203 (g) expressly provides:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals or other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

18. None of the plaintiffs, during relevant times, had authority to formulate, affect, interpret, or implement management policies or operating practices within the meaning of 29 C.F.R. 541.202(b).

19. None of the plaintiffs, during relevant times, carried out major assignments in conducting the operations of the business within the meaning of 29 C.F.R. 541.202(b).

20. None of the plaintiffs, during relevant times, performed work that affects business operations to a substantial degree within the meaning of 29 C.F.R. 541.202(b).

21. None of the plaintiffs, during relevant times, has had authority to commit the employer in matters that have significant financial impact within the meaning of 29 C.F.R. 541.202(b).

22. None of the plaintiffs, during relevant times, has had authority to waive or deviate from established policies and procedures without prior approval within the meaning of 29 C.F.R. 541.202(b).

23. None of the plaintiffs, during relevant times, has had authority to negotiate and bind the company on significant matters within the meaning of 29 C.F.R. 541.202(b).

24. None of the plaintiffs, during relevant times, investigated and resolved matters of significance on behalf of management within the meaning of 29 C.F.R. 541.202(b).

25. None of the plaintiffs, during relevant times, represented the company in handling complaints, arbitrating disputes or resolving grievances within the meaning of 29 C.F.R. 541.202(b).

III. <u>Defendant Requested, Suffered and Permitted the Working of Overtime Hours.</u>

26. Each plaintiff on numerous and repeated occasions has worked more than 40 hours in a work week during each of the last three years.

27. Each time a plaintiff worked more than 40 hours in a work week during each of the last three years, defendant requested, suffered and permitted such work.

28. Defendant compensated plaintiffs for work in excess of 40 hours in a work week at their regular rate.

V. <u>Defendant Has Violated the Fair Labor Standards Act.</u>

29. By virtue of the foregoing, defendant has beached and continues to breach Section 7 of the Fair Labor Standards Act. 29 U.S.C. § 207.

30. Defendant's breach was willful within the meaning of 29 U.S.C. § 255. Therefore, a three year statute of limitations applies.

31. Under 29 U.S.C. § 216(b), an employer which violates the FLSA is liable for unpaid overtime and for "an additional equal amount as liquidated damages." This provision applies as defendant did not act in subjective good faith and lacked objectively reasonable grounds for believing that their conduct did not violate the FLSA.

32. Plaintiffs are entitled to recover their attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, plaintiffs seek entry of judgment in favor of each of them and against defendant in an amount equal to the unpaid overtime pay, liquidated damages and their attorney's fees. Plaintiffs further ask for all relief deemed by this Court to be just and proper under the circumstances.

Respectfully submitted this 21st day of January 2011.

WARD, KEENAN & BARRETT, P.C.

By:   S/GERALD BARRETT
     GERALD BARRETT
     3838 N. Central Avenue, Ste.1720
     Phoenix, AZ 85012

TORRES CONSULTING & LAW GROUP

By:  S/ISRAEL G. TORRES_____
     Israel G. Torres
     209 E. Baseline Road
     Suite E-102
     Tempe, AZ 85283-1299
*Attorneys for Plaintiff*