John F. Lomax, Jr. (#020224)
Ashley Kasarjian (#025513)
SNELL & WILMER L.L.P.
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6305
Facsimile: (602) 382-6070
jlomax@swlaw.com
akasarjian@swlaw.com
*Attorneys for Defendant*

Gerald Barrett (#005855)
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Avenue, Suite 1720
Phoenix, AZ 85012
Telephone: 602-279-1717
Fax : 602-279-8908
gbarrett@wardkeenanbarrett.com

Israel G. Torres (#020303)
TORRES CONSULTING & LAW GROUP
209 E. Baseline Road
Suite E-102
Tempe, AZ 85283-1299
Telephone: 602-626-8805
Fax: 602-626-8889
Israel@thetorresfirm.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Brady Cashman; Steve Lee Cox; Robert F. Macknis; Karl Douglas Mehrhof; Frank J. Namio; Emil F. Nobile; Terrence Lawton Sheahan; and Wayne D. Wilcoxon,<br><br>  Plaintiffs,<br><br>v.<br><br>Arizona Public Service Company,<br><br>  Defendant. | Case No. CV-2-11-00153-GMS<br><br>**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS LAWSUIT WITH PREJUDICE** |

Plaintiffs William Brady Cashman, Steve Lee Cox, Robert F. Macknis, Karl Douglas Mehrhof, Frank J. Namio, Emil F. Nobile, Terrence Lawton Sheahan and Wayne D. Wilcoxon and Defendant Arizona Public Service Company, by and through their respective counsel, file this joint motion to approve their settlement agreement and dismiss this lawsuit with prejudice.

## PRELIMINARY STATEMENT

On January 21, 2011, Plaintiffs filed their Complaint, alleging that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"), by misclassifying them as exempt employees, and failing to pay them for overtime pay for time worked over forty (40) hours in a workweek. In its Answer, APS denied the allegations and denied that it owed Plaintiffs any compensation.

The seminal case on the settlement of FLSA cases is *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). The Ninth Circuit has not ruled on this issue but, as shown below, several district court judges in the Ninth Circuit have cited that case with approval. The *Lynn's Food Stores* decision, like the FLSA, confirms that claims arising under the FLSA may be settled or compromised *only* with the approval of the District Court or the Secretary of Labor. The Parties request that the Court approve their settlement, as set forth more fully in the Release and Settlement Agreement attached as Exhibit 1.

## ARGUMENT AND CITATION OF LEGAL AUTHORITY

Employees cannot waive claims for unpaid overtime under the FLSA. To ensure that the employer is relieved of liability in the context of a negotiated settlement agreement, the settlement of an FLSA claim must either be supervised by the Secretary of Labor, as provided by 29 U.S.C. § 216(c), or must be approved by the District Court. *See Hand v. Dionex Corp.*, 2007 U.S. Dist. LEXIS 87026, *1 (D. Ariz. Nov. 13, 2007) (citing *Lynn's Food Stores*, 679 F.2d at 1352-55); *see also Rose v. Wildflower Bread Company*, 2011 U.S. Dist. LEXIS 69953, *3 (D. Ariz. June 29, 2011); *In re: Sepracor, Inc. FLSA Litigation*, 2009 U.S. Dist. LEXIS 97791, 5 (D. Ariz. Oct. 9, 2009).

- 2 -

If a settlement reflects a "reasonable compromise over issues, such as . . . computation of back wages, that are actually in dispute," the district court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.  Such settlements must be fair.  *Id*. at 1353.

In this action, Plaintiffs allege APS violated the FLSA by misclassifying them as exempt employees and failing to pay them for hours worked in excess of 40 hours in a work week at one and one-half times their regular rate. APS believes Plaintiffs were properly classified under the highly compensated exemption or the administrative exemption. The parties have now agreed to settle this dispute, as set forth more fully in the Settlement Agreement.

The Settlement Agreement represents a fair and equitable resolution of this matter given the facts of this case, as well as the complex and numerous legal issues involved. This action will benefit Plaintiffs, especially in light of the uncertainty regarding Plaintiffs' recovery. Liability under the FLSA is a contested issue, with APS strongly contending that Plaintiffs were exempt.  Other defenses at issue include the statute of limitations and good faith defenses to liquidated damages. The resolution of those issues would dramatically affect any damages award in this case.

Finally, the proposed distribution to each of the Plaintiffs is fair and equitable since it is directly related to the amount of hours each Plaintiff worked for APS. Indeed, the settlement terms are proportional to the hours actually worked by each Plaintiff.

The settlement is the product of many days of discussions, involving one day with a private mediator, and many additional negotiations between the parties. It is not the product of fraud, but rather reflects an arms-length negotiation of a difficult dispute.

In light of the risks facing both parties in proceeding through litigation, the parties have agreed to settle Plaintiffs' FLSA claims and this case, on the following terms, including but not limited to:

1. APS agrees to pay a settlement amount to each Plaintiff. The settlement amount includes, without limitation, payment to the Plaintiffs for alleged overtime work

- 3 -

1  performed in any workweek between January 21, 2009 through the present. The
2  settlement amount also provides an additional payment for avoidance of litigation costs.

3      2.    APS has denied liability or wrongdoing under the FLSA and all other
4  applicable law.

5      3.    Plaintiffs and APS agree to dismiss this action with prejudice.

6      4.    Plaintiffs have signed a release of claims.

The terms of the Settlement Agreement are contingent upon a finding by the Court that it approves the settlement as a fair and equitable resolution of this action. *Lynn's Food Stores, Inc.*, 679 F.2d 1350, 1354 (11th Cir. 1982). Accordingly, the parties respectfully request that the Court make such a determination with respect to the terms set forth in the Settlement Agreement and enter the proposed Order, filed concurrently herewith, granting the joint motion to approve settlement agreement and dismiss the lawsuit with prejudice.

DATED this 26th day of August, 2011.

SNELL & WILMER L.L.P.

By  s/ John F. Lomax, Jr.
    John F. Lomax, Jr.
    Ashley T. Kasarjian
    One Arizona Center
    400 E. Van Buren
    Phoenix, AZ  85004-2202
    Attorneys for Defendant

WARD, KEENAN & BARRETT, P.C.


By  s/ Gerald Barrett  (w/permission)
   Gerald Barrett
   3838 N. Central Avenue, Suite 1720
   Phoenix, AZ  85012


TORRES CONSULTING & LAW GROUP


By  s/ Israel G. Torres (w/permission)
   Israel G. Torres
   209 E. Baseline Road
   Suite E-102
   Tempe, AZ  85283-1299

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

☒   I hereby certify that on August 26, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

s/ Monica Kramer

13569156