IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Brady Cashman; Steve Lee Cox; Robert F. Macknis; Karl Douglas Mehrhof; Frank J. Namio; Emil F. Nobile; Terrence Lawton Sheahan; and Wayne D. Wilcoxon,<br><br>Plaintiffs,<br><br>v.<br><br>Arizona Public Service Company,<br><br>Defendant. | Case No. CV-11-00153-PHX-GMS<br><br>ORDER |

Pending before the Court is the parties' Joint Motion to Approve Settlement Agreement and Dismiss Lawsuit with Prejudice (Doc. 25). The Court grants the parties' motion.

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the parties request this Court to enter an Order that specifically approves the parties' Settlement Agreement.

In *Lynn's*, the Eleventh Circuit held:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by Employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.

13634207

> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Lynn's*, 679 F.2d at 1352-53 (footnotes omitted).

Normally, the Court does not rule on a private settlement negotiated between parties. However, because Plaintiffs filed a FLSA action against Defendant, the parties must seek approval of their stipulated settlement in order to ensure the enforceability of the Settlement Agreement. *Id.*; *See also See Hand v. Dionex Corp.*, 2007 U.S. Dist. LEXIS 87026, *1 (D. Ariz. Nov. 13, 2007) (citing *Lynn's Food Stores*, 679 F.2d at 1352-55); *see also Rose v. Wildflower Bread Company*, 2011 U.S. Dist. LEXIS 69953, *3 (D. Ariz. June 29, 2011); *In re: Sepracor, Inc. FLSA Litigation*, 2009 U.S. Dist. LEXIS 97791, 5 (D. Ariz. Oct. 9, 2009). The Court may approve the settlement if it reflects a "reasonable compromise over issues." *Lynn's*, 679 F.2d at 1354.

The Court has reviewed the proposed Settlement Agreement and finds that it does in fact reflect a fair and reasonable resolution of the issues. Defendant strongly contested liability under the FLSA, contending that Plaintiffs were exempt. Finally, the proposed distribution to each of the Plaintiffs is fair and equitable since it is directly related to the amount of hours each Plaintiff worked for APS.

Accordingly,

**IT IS ORDERED** that the parties' Joint Motion to Approve Settlement Agreement (Doc. 25) is granted and the lawsuit is dismissed with prejudice. The Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute over wages owed pursuant to the Fair Labor Standards Act and therefore approves the settlement.

/ / /

/ / /

13634207

1  **IT IS FINALLY ORDERED** that the Court will retain jurisdiction over the
2  parties to enforce the Settlement Agreement.
3  Dated this 1st day of September, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge